IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| **ROGER JAMES ZORN, SR.,**       ) | |
| ) | |
| Plaintiff,       ) | |
| ) | CIVIL ACTION NO. |
| v.       ) | 2:25cv323-MHT |
| ) | (WO) |
| **KAY ELLEN IVEY,**       ) | |
| ) | |
| Defendant.       ) | |

## OPINION

Plaintiff filed this lawsuit seeking to hold the defendant liable for the tragic death of plaintiff's son, who was the victim of a hit and run while walking along an Alabama highway. This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that plaintiff's case be dismissed for failure to comply with a court order to replead the complaint by a given date, and alternatively for failure to state a claim and failure to allege a basis for subject-matter jurisdiction. Also before the court are plaintiff's amended complaint, which the court will treat as timely filed objections to the magistrate

judge's recommendation, and plaintiff's later-filed motion to transfer the case, which the court will also treat as objections to the recommendation.

After an independent and de novo review of the record, including careful review of the amended complaint and objections, the court concludes that plaintiff's objections should be overruled, the magistrate judge's recommendation should be adopted to the extent that it recommends dismissal for failure to state a claim upon which relief may be granted and failure to allege a basis for subject-matter jurisdiction, the motion to transfer should be denied, and the case should be dismissed without prejudice.

Plaintiff has failed to set forth in the complaint, amended complaint, or objections any factual basis for holding the named defendant liable for the unfortunate death of plaintiff's son. For example, plaintiff does not provide any factual basis to believe that the driver of the car that killed his son was employed by

2

the defendant official or the state government at the time of the accident.  While plaintiff contends that the State owes him money due to the death of his son, the amended complaint does not provide any facts showing that the defendant official or the State owes money to plaintiff under, for example, a life insurance policy or any law providing for such benefits. Finally, plaintiff's motion to transfer will be denied because plaintiff has failed to show that the current venue is improper or that there is a more convenient venue.  *See* 28 U.S.C. § 1391; 28 U.S.C. § 1404(a).

An appropriate judgment will be entered.

DONE, this the 26th day of August, 2025.

                                     /s/ Myron H. Thompson
                              **UNITED STATES DISTRICT JUDGE**